UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARDO GUZMAN, III,

Plaintiff,

v.

CASE NO.: 8:17cv703T30JSS

JENKINS NISSAN, INC.,

**DEMAND FOR JURY TRIAL**

Defendant.

_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LEONARDO GUZMAN, III, (hereinafter "Plaintiff" or "GUZMAN") by and through his undersigned counsel, sues the Defendant, JENKINS NISSAN, INC. (hereinafter "Defendant" or "JENKINS"), and alleges:

**PARTIES AND JURISDICTIONAL ALLEGATIONS**

1. That Counts I and II of this action arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et. seq.*, as amended, and the Florida Civil Rights Act of 1992, §§ 760.01 – 760.11.

2. That jurisdiction is invoked pursuant to 42 U.S.C.A. § 2000e-5(f); 28 U.S.C.A. §§ 1343 (a)(3) and 1343 (a)(4); and for Count III of this action, 28 U.S.C.A. 1367 (a).

TPA-42604
$400

3. That venue properly lies in the Middle District of Florida pursuant to 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3) because all unlawful employment practices alleged herein were committed in Polk County, Florida.

4. That at all times material to this Complaint, Plaintiff, GUZMAN, a male, was an individual residing in Pasco County, Florida.

5. That at all times material to this Complaint, the Defendant, JENKINS, was a Florida Corporation conducting its business in Lakeland, Polk County, Florida, with its primary business purpose being the sale of automobiles.

6. That at all times material to this Complaint, the Defendant, JENKINS, was a covered "employer" within the meaning of 42 U.S.C.A. §2000e and Florida Statutes §760.02(7) in that JENKINS employed more than fifteen (15) employees for each working day of twenty (20) or more calendar weeks in each relevant calendar year from and including Plaintiff's date of hire through the date of his termination.

7. That prior to filing this action, the Plaintiff timely filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge Number 511-2016-01898, which was duly filed with the Florida Commission on Human Relations ("FCHR").

8. That on or about December 27, 2016, a Notice of Suit Rights was issued by the EEOC incident to Plaintiff's Charge of Discrimination. A copy of the Notice of Suit Rights is attached hereto and incorporated by referenced herein as "Exhibit A."

## GENERAL ALLEGATIONS

9. That on or about November of 2015, Plaintiff was hired as a Sales Associate by the Defendant. Plaintiff was hired as a full time employee, earning a salary which included commissions and various fringe benefits. Plaintiff's job duties included the sale of used and new motor vehicles.

10. That Plaintiff, GUZMAN, is a non-denominational Christian and he and his family are active participants and volunteers at their community church. That at all times material to this Complaint, Plaintiff notified the Defendant of his active involvement in church activities on Sundays; his observance of Easter Sunday because of his religion; and of his religious beliefs and practices.

11. That on March 2, 2016, Plaintiff received his work schedule for the month of March, which showed that he was scheduled for work on Easter Sunday, March 27, 2016.

12. That on March 7, 2016, Plaintiff requested Easter Sunday as a day off from the Defendant employer for regular observance for his religion. Plaintiff communicated to Defendant that he and his family would be volunteering in church activities for that day as part of their Easter Sunday ritual. Plaintiff's request for the day off was approved by Yasin Benny, the Sales Manager for the Defendant.

13. That on March 25, 2016, Plaintiff was advised by another Sales Manager, Jeff Vicks, that he could not have Easter Sunday off, at which time Plaintiff informed his supervisor that he was previously given the accommodation in order to participate in and

observe Easter Sunday with his family. Plaintiff was advised that if he did not report to work on March 27, 2016, he would be terminated.

14. That Plaintiff did not report to work on March 27, 2016, in observance of Easter Sunday.

15. That on March 28, 2016, Plaintiff was informed by Jeff Vicks that his position had been terminated for failing to report to work on Easter Sunday, March 27, 2016. Plaintiff was further informed that all discharged employees do not receive "final paychecks."

16. That on the date of his termination, Plaintiff had earned commissions based on the amount of cars he sold for February and March of 2016. As of the date hereof, these earned commissions have not been paid to the Plaintiff.

## COUNT I
## UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT: DISCRIMINATION BASED ON RELIGION

17. That Plaintiff re-alleges and incorporates paragraphs 1 through 16 as though fully set forth herein.

18. That at all times material to this Complaint, Plaintiff's religion consisted of the teachings and traditions of the established faith of Christianity.

19. That at all times material to this Complaint, Plaintiff made his employer, JENKINS, aware of his religious practice of observance of Easter Sunday and of his Christian faith.

20. That immediately upon discovery of the conflict between his work schedule and Easter Sunday, Plaintiff notified his employer, JENKINS, of the conflict, allowing

JENKINS a reasonable opportunity to make or suggest an accommodation.

21. That at its first opportunity to grant Plaintiff an accommodation by permitting him to have Easter Sunday off, JENKINS provided the accommodation in respect for Plaintiff's religion and in realizing that allowing Plaintiff to have that day off would not impose an undue hardship on the conduct of its business.

22. That in spite of initially providing Plaintiff with the accommodation, Defendant withdrew the accommodation and ordered Plaintiff to work on Easter Sunday. Defendant offered Plaintiff no reasonable explanation for withdrawing the accommodation other than to simply tell him that if he did not report to work on Easter Sunday, he would be terminated.

23. That Plaintiff's termination for his alleged failure to report to work on Easter Sunday is tantamount to firing Plaintiff because of its disregard for Plaintiff's religious practices, beliefs, and observances.

24. That Plaintiff has been terminated and subjected to disparate treatment because of his religion in violation of Title VII of the Civil Rights Act. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

25. That Plaintiff's termination was because of his religious practices and observances and Defendant's disregard for same, and the reasons stated by the Defendant for Plaintiff's termination were merely a pre-text given in justification of their termination of Plaintiff because he asked for a day off of work to observe Easter Sunday with his family.

26. That as a direct and proximate result of the actions of the Defendant as set

forth herein, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain and mental anguish. As a direct and proximate result of such actions by the Defendant, Plaintiff has been, is being, and will be in the future deprived of income in the form of wages, including commissions, and of prospective benefits that Plaintiff was earning solely because of the Defendant's discriminatory conduct.

27. Defendant's unlawful employment practices include, but are not limited to:

a. Discharge of the Plaintiff because of his religion, specifically because of his religious practices and observances; in particular because of his practice of participating in community church activities in observance of Easter Sunday;

b. Failure and refusal to provide Plaintiff with a reasonable accommodation for his religious practices and observances by giving him the day off, even though providing Plaintiff with such an accommodation would not have caused an undue hardship on the conduct of Defendant's business operations; and

c. Failure to offer to conciliate or accommodate the Plaintiff in spite of the Plaintiff notifying the Defendant of his religious practices and observances, notifying the Defendant of the conflict between the Defendant's work schedule and his observance of Easter Sunday, and suggesting an accommodation (a day off from work).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title VII;

b. An order enjoining the Defendant and its employees, agents, and

officers from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate;

c. Damages in the form of back pay for wages, salary, commissions, employment benefits, or other compensation denied or lost by the foregoing acts;

d. Compensatory damages to the maximum extent allowed under the law for past, present, and future mental anguish, loss of dignity, humiliation, and any other intangible injuries sustained by the Plaintiff;

e. Punitive damages to the maximum extent allowed under the law;

f. An award of costs and attorney's fees pursuant to 42 U.S.C.A. § 2000e-f(k);

g. Pre-judgment interest at the prevailing rate from the date Plaintiff was terminated to the judgment on the award of back pay for wages, salary, commissions, employment benefits, or other compensation and actual monetary losses sustained by Plaintiff as a result of the foregoing acts;

h. Post judgment interest;

i. Such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

## COUNT II
## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

28. Plaintiff re-alleges and incorporates paragraphs 1 through 16 as though fully set forth herein.

29. That at all times material to this Complaint, Plaintiff's religion consisted of

the teachings and traditions of the established faith of Christianity.

30. That at all times material to this Complaint, Plaintiff made his employer, JENKINS, aware of his religious practice of observance of Easter Sunday and of his Christian faith.

31. That immediately upon discovery of the conflict between his work schedule and Easter Sunday, Plaintiff notified his employer, JENKINS, of the conflict, allowing JENKINS a reasonable opportunity to make or suggest an accommodation.

32. That in spite of initially providing Plaintiff with the accommodation, Defendant withdrew the accommodation and ordered Plaintiff to work on Easter Sunday. Defendant offered Plaintiff no reasonable explanation for withdrawing the accommodation other than to simply tell him that if he did not report to work on Easter Sunday, he would be terminated.

33. That Plaintiff's termination for his alleged failure to report to work on Easter Sunday is tantamount to firing Plaintiff because of its disregard for Plaintiff's religious practices, beliefs, and observances.

34. That Plaintiff has been terminated and subjected to disparate treatment because of his religious beliefs in violation ofThe Florida Civil Rights Act, and because of such actions by Defendant, he has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

35. That Plaintiff's termination was because of his religious practices and observances and Defendant's disregard for same, and the reasons stated by the Defendant for Plaintiff's termination were merely a pre-text given in justification of their termination of

Plaintiff because he asked for a day off of work to observe Easter Sunday with his family.

36. That as a direct and proximate result of the actions of the Defendant as set forth herein, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain and mental anguish. As a direct and proximate result of such actions by the Defendant, Plaintiff has been, is being, and will be in the future deprived of income in the form of wages, including commissions, and of prospective benefits that Plaintiff was earning solely because of the Defendant's discriminatory conduct.

37. Defendant's unlawful employment practices include, but are not limited to:

a. Discharge of the Plaintiff because of his religion, specifically because of his religious practices and observances; in particular because of his practice of participating in community church activities in observance of Easter Sunday;

b. Failure and refusal to provide Plaintiff with a reasonable accommodation for his religious practices and observances by giving him the day off, even though providing Plaintiff with such an accommodation would not have caused an undue hardship on the conduct of Defendant's business operations; and

c. Failure to offer to conciliate or accommodate the Plaintiff in spite of the Plaintiff notifying the Defendant of his religious practices and observances, notifying the Defendant of the conflict between the Defendant's work schedule and his observance of Easter Sunday, and suggesting an accommodation (a day off from work).

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

a. An order declaring that the Defendant has engaged in discriminatory practices in violation of the Florida Civil Rights Act;

b. An order enjoining the Defendant from engaging in such unlawful employment practices in the future together with any such affirmative action as this Court deems just and appropriate;

c. Back pay and reimbursement for lost benefits, plus pre-judgment interest, court costs, and reasonable attorneys' fees pursuant to Florida Statute §760.11(5);

d. Punitive and compensatory damages pursuant to Florida Statute §760.11, including but not limited to, damages for mental anguish, loss of dignity and any other intangible injuries sustained by the Plaintiff together with any other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**COUNT III**
**UNPAID WAGES**

38. Plaintiff re-alleges and incorporates paragraphs 1 through 15 as though fully set forth herein.

39. That on or about November of 2015, the Plaintiff, GUZMAN, was hired by the Defendant, JENKINS, to work as a Sales Associate at Defendant's place of business located at 4401 US State Road 33 North, Lakeland, Polk County, Florida. It was agreed that Plaintiff would earn a minimum of $400.00 per week as salary, which would have to be paid back as a draw against any earned commissions. Commissions were paid per sold unit

(motor vehicle), which was tiered to be paid per a scheduled formula less the $400.00 draw. As an additional part of Plaintiff's compensation, he would earn a percentage of sales made by the finance department of the Defendant, which was based on a formula.

40. That from on or about November of 2015 through March 27, 2016, the date of Plaintiff's termination, he performed all services required of him by Defendant.

41. That during the course of Plaintiff's employment, he earned commissions that to date have not been paid.

42. That the Defendant should not be unjustly enriched and should be obligated to pay the Plaintiff for his earned unpaid commissions.

43. That the Defendant's failure to pay the Plaintiff commissions was willful and intentional.

44. That the Plaintiff estimates that the value for his earned commissions is approximately twenty thousand dollars ($20,000.00) from the date of his hire through the date of termination.

45. That the Plaintiff has retained the services of The Law Firm of Michael A. Serrano, P.A., and has agreed to pay said attorneys a reasonable fee for services rendered.

WHEREFORE, the Plaintiff, LEONARDO GUZMAN III, demands judgment for damages against the Defendant, JENKINS NISSAN, INC., together with court costs, interest, liquidated damages, attorney's fees pursuant to Florida Statute §448.08, and such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

MICHAEL A. SERRANO, ESQUIRE
Trial Counsel
Florida Bar Number 527221
The Law Firm of Michael A. Serrano, PA
25275 Wesley Chapel Boulevard
Lutz, Florida 33559
(813) 929-4231
(813) 948-1905 Facsimile
mike@mikeserranolaw.com
Attorney for Plaintiff